## NEVADA NORTHERN RAILWAY CO. *v.* NINTH JUDICIAL DISTRICT COURT

No. 2826

January 3, 1929.                    273 P. 177.

*Chandler & Quayle*, for Petitioner:

*Billings & Collins,* for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in certiorari. The record certified up discloses that petitioner brought an action in the justice court of Ely Township No. 1, of

White Pine County, claiming damages of the defendant, one C. Franks, in the sum of $9.20, and also alleging that the sum of $100 is a reasonable sum to be allowed as attorney's fees in the action. Defendant answered and set up a counterclaim for damages in the sum of $299.99. He alleged that $150 was a reasonable sum to be allowed him as attorney's fees. Petitioner obtained judgment for damages in the sum of $1, and its costs were taxed at $129.15. Of this amount of the costs $100 was the sum allowed by the court as an attorney fee. The defendant appealed to the district court, and the case was tried de novo before a jury. The jury returned a verdict finding no cause of action in favor of either party. The defendant filed a cost bill in the sum of $341. A motion to retax was made, and the court allowed defendant costs in the sum of $205. The writ is sought to annul this judgment.

It is insisted that there was no prevailing party within the meaning of the statute involved, and that the court was therefore without jurisdiction to allow defendant any costs whatever. Section 5814 of the Revised Laws of Nevada, as amended by Statutes of 1925, p. 331, c. 186, provides:

"The prevailing party in any civil action at law in the justice courts of this state shall receive, in addition to the costs of court as now allowed by law, a reasonable attorney fee, said fee to be fixed by the justice of the peace, and taxed as costs against the losing party, and on appeal the district court is hereby authorized to allow said costs, if judgment is given for the same party; if the appealing party shall prevail on such appeal, the district court is hereby authorized to allow him, as costs, the amount allowed by the justice of the peace as a reasonable attorney fee to the prevailing party in such justice court, and his other costs in the district court as in cases originating in such court."

This statute governs in the matter of the allowance of costs on appeal in the district court. In our judgment defendant was clearly the prevailing party. Petitioner's contention that there was no prevailing party is based

upon the fact of defendant's counterclaim and the finding of the jury of no cause of action in favor of either party. It is argued that it would have been necessary for defendant to have established his counterclaim or some part thereof over any amount that may have been established by petitioner on his claim, to be a prevailing party. This is substantially the reasoning in the case of Hartford v. Cooperative Mut. Homestead Co., 130 Mass. 447, cited by petitioner, and which sustains his position. The ruling of the Massachusetts court was accepted in Lemke v. Poulin et al. (N. J. Sup.), 107 A. 856; but we are unable to follow it.

■ We regard the existence of a counterclaim of no consequence in determining the question. It is the end attained, namely, a successful defense, that is important. Costs are allowed a defendant on the theory that he was sued without cause. 15 C. J. 19. The verdict of the jury in this case established that defendant was wrongfully sued. In his defense he resorted to a counterclaim. He did not recover on trial, it is true, but a recovery on his counterclaim would merely have increased the extent to which he prevailed in the action. Ballard Transfer and Storage Co. v. St. Paul City Railway Co., 129 Minn. 494, 152 N. W. 868, and Lykins v. Hamrick, 144 Ky. 80, 137 S. W. 852, are in accord with the views we have expressed. See, also, Dows & Co. v. Glaspel, 4 N. D. 251, 60 N. W. 60; Eastman v. Holderness, 44 N. H. 18; Benson v. Braun, 134 Cal. 41, 66 P. 1.

As the trial court was authorized to allow costs to the defendant, the writ should be dismissed.

It is so ordered.