[No. 9258-8-I.   Division One.   May 5, 1982.]

JOHN SOPER, *Respondent*, v. GLENN CLIBBORN, *Appellant.*

*Evans, Quimby, Hall & Holman, Inc., P.S.,* and *Glenna S. Hall,* for appellant.

*Joseph Burns,* for respondent.

DURHAM, A.C.J.—Soper, the plaintiff/landlord, brought an unlawful detainer action against Clibborn, the defendant/tenant. The trial court dismissed Soper's action because of inadequate notice, and dismissed Clibborn's counter-claim for damages as an inappropriate adjunct to an unlawful detainer proceeding. Clibborn's request for reasonable attorney's fees according to RCW 59.18.290 was

also refused, and it is from this ruling that he appeals. The court made the following conclusion of law:

> The defendant/tenant having prevailed in this unlawful detainer action . . . is entitled to judgment against the plaintiff for his costs of suit and reasonable attorneys fees.

However, in a finding of fact, which was actually a conclusion of law, the court stated:

> The Court finds that attorney's fees should be awarded [to the] defendant but finds no statutory authority to award same.

The court entered judgment dismissing the complaint and counterclaim with no provision for attorney's fees.

■ Washington follows the American rule that neither party can recover attorney's fees unless authorized by statute, contract or recognized ground of equity. *PUD 1 v. Kottsick*, 86 Wn.2d 388, 545 P.2d 1 (1976). Clibborn contends that RCW 59.18.290(2) is authority for an award of attorney's fees. The entire section reads:

> (1) It shall be unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so authorizing. Any tenant so removed or excluded in violation of this section may recover possession of the property or terminate the rental agreement and, in either case, may recover the actual damages sustained. *The prevailing party may recover the costs of suit or arbitration and reasonable attorney's fees.*
> (2) It shall be unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him, and *the prevailing party may recover his costs of suit or arbitration and reasonable attorney's fees.*

(Italics ours.) RCW 59.18.290.

Subsection (2) of the statute applies if the tenant retains possession of the premises "after the termination of the rental agreement". RCW 59.18.290(2). One of the remedies

afforded a landlord in this situation is unlawful detainer. RCW 59.12.030(2). Soper claims that RCW 59.18.290(2) does not apply to the facts of this case because the rental agreement was never terminated due to his untimely notice. This assertion does not change the fact that Soper did bring an unlawful detainer action against Clibborn. The trial court found that the action was apparently brought in good faith. Clibborn had to defend himself regardless of the outcome. The argument that an unlawful detainer action in which the landlord loses is really not an unlawful detainer action is too strained to warrant serious consideration.

The plain language of the statute suggests that its applicability does not depend on the landlord's ultimate success or failure. If it did, then the legislature would have stated that the landlord may recover attorney's fees. Instead, the statute says that the prevailing party may recover them. The only question facing the court is if the terms of the statute allow a tenant to recover attorney's fees if he or she prevails in the action. In other words, may a defendant/tenant be a "prevailing party"? Considerable authority indicates that the answer is yes.

In *Gile v. Nielsen,* 20 Wn.2d 1, 145 P.2d 288 (1944), a negligence action, the defendants filed a cross complaint against plaintiffs. The cross complaint was denied. The jury returned the following verdict: "'We the jury . . . find for the defendants.'" *Gile,* at 3. Under Rem. Rev. Stat. § 476 (RCW 4.84.030), the prevailing party was entitled to costs. The Supreme Court held that although defendants did not recover on their cross complaint, they were the "prevailing party" because plaintiffs were denied recovery against them. Defendants were allowed costs.

*Anderson v. Gold Seal Vineyards, Inc.,* 81 Wn.2d 863, 505 P.2d 790 (1973) dealt with a provision in our long–arm statute which allowed a prevailing defendant to recover attorney's fees. RCW 4.28.185(5). The plaintiff had voluntarily dismissed the action, and the question was, did the defendant prevail? The court held that the "prevailing party in a lawsuit is that party in whose favor judgment is

entered." *Anderson,* at 865. The defendant prevailed by virtue of the voluntary nonsuit, and an award of attorney's fees was proper.

The Alaska Supreme Court has adopted a rule allowing a prevailing party to recover attorney's fees in a civil action. That court has said that the "prevailing party" is one who

> successfully prosecuted or defended against the action, the one who is successful on the "main issue" of the action and "in whose favor the decision or verdict is rendered and the judgment entered."

(Citation omitted.) *Adoption of V.M.C.,* 528 P.2d 788, 795 n.14 (Alaska 1974); *see also State v. Alaska Int'l Air, Inc.,* 562 P.2d 1064 (Alaska 1977); *accord, Parker v. Matthews,* 411 F. Supp. 1059 (D.D.C. 1976), *aff'd sub nom. Parker v. Califano,* 561 F.2d 320 (D.C. Cir. 1977).

In *Nevada N. Ry. v. Ninth Judicial District Court,* 51 Nev. 201, 273 P. 177 (1929), the jury found no cause of action in either the complaint or defendant's counterclaim. The court awarded the defendant attorney's fees under a statute which authorized such an award to the "prevailing party." The Nevada Supreme Court held that defendant's lack of a valid counterclaim was of no consequence. He nonetheless successfully defended the suit against him and he, therefore, prevailed. *Accord, Pagano v. Giuliani,* 182 Misc. 375, 43 N.Y.S.2d 945 (1943).

Although Clibborn's counterclaim was dismissed, there is no question that he was the "party in whose favor judgment [was] entered." *Anderson,* at 865. He was, therefore, the prevailing party for purposes of RCW 59.18.290(2) and was entitled to recover reasonable attorney's fees.

The judgment as to attorney's fees is reversed and

remanded for entry of reasonable fees on the underlying action.

WILLIAMS and RINGOLD, JJ., concur.