120 P.3d 652 (2005)
CITY OF SPOKANE, Respondent,
v.
Shirley Ann MARR, Petitioner.
No. 22604-2-III.
Court of Appeals of Washington, Division 3, Panel Seven.
October 4, 2005.
Tracy A. Staab, City of Spokane, Public Defender's Office, Spokane, WA, for Appellant.
Michelle D. Szambelan, City Attorney's Office, Spokane, WA, for Respondent.
SCHULTHEIS, J.
¶ 1 Shirley Ann Marr was found to have twice violated the city of Spokane's (City) municipal pedestrian interference ordinance for panhandling. The ordinance, however, proscribes only "aggressive solicitation" and the trial judge found insufficient evidence of that offense. The ordinance also acknowledges an exception for constitutionally protected activity and begging is afforded *653 constitutional protection. The consequential effects of that activity are not prohibited by the ordinance. Therefore, the City failed to prove a violation of the ordinance. Accordingly, we reverse.

FACTS
¶ 2 Ms. Marr was charged with two counts of public nuisance and two counts of pedestrian interference in separate incidents on January 25, and March 21, 2002. On these occasions Spokane Police Officer Max Hewitt saw Ms. Marr approach people in downtown Spokane and apparently ask them for money. The trial court entered findings of fact and conclusions of law. Ms. Marr was found not guilty of public nuisance, but guilty of two counts of pedestrian interference. A commissioner of this court granted review pursuant to RAP 2.3(d)(2) and (3).

ANALYSIS
¶ 3 An appeal from a criminal conviction in district court is conducted under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). State v. Tomal, 133 Wash.2d 985, 988, 948 P.2d 833 (1997). RALJ 9.1 governs review here. State v. Frank, 112 Wash.App. 515, 520, 49 P.3d 954 (2002). We review the district court's decision for errors of law and the findings of fact for substantial evidence. Id. (citing RALJ 9.1(a), (b)).
¶ 4 A person commits misdemeanor pedestrian interference "if, in a public place, he or she intentionally (1) obstructs pedestrian or vehicular traffic, or (2) aggressively solicits." Former Spokane Municipal Code (SMC) 10.10.025(C), (D) (1994). The trial court found that Ms. Marr obstructed pedestrian traffic. It specifically found that she did not aggressively solicit. Clerk's Papers at 354.
¶ 5 Under the ordinance, to "obstruct pedestrian or vehicular traffic" means to "walk, stand, sit, lie or place an object in such manner as to intentionally block passage by another person or a vehicle, or to require another person or a driver of a vehicle to take evasive action to avoid physical contact." Former SMC 10.10.025(B)(4). The obstruction ordinance exempts from its purview those "[a]cts authorized as an exercise of ones [sic] constitutional rights" as well as those authorized by obstruction permits. Former SMC 10.10.025(B)(4).
¶ 6 Ms. Marr argues that there is insufficient evidence to support the violation because her intent was to engage in begging, which does not violate the ordinance, and any blockage of pedestrian traffic was merely incidental to the exercise of her constitutionally protected right to beg in a non-aggressive manner.
¶ 7 The City initially argues that Ms. Marr should be judicially estopped from claiming on appeal that she was begging because her counsel at the motion for discretionary review and at the trial below argued she was not begging. Judicial estoppel is an equitable doctrine that precludes a party from gaining advantage by asserting one position in a court proceeding and later seeking a second advantage by taking a clearly inconsistent position. Johnson v. Si-Cor, Inc., 107 Wash.App. 902, 906, 28 P.3d 832 (2001). The doctrine applies "only if a litigant's prior inconsistent position benefited the litigant or was accepted by the court." Id. at 909, 28 P.3d 832. Neither is the case here.
¶ 8 Ms. Marr relies on City of Seattle v. Webster, 115 Wash.2d 635, 802 P.2d 1333 (1990). In the cited portion of Webster, the court upheld a nearly identical pedestrian interference ordinance against a challenge that it was unconstitutionally overbroad. Id. at 641-42, 802 P.2d 1333. The court held:
The ordinance does not prohibit innocent intentional acts which merely consequentially block traffic or cause others to take evasive action. Many of those "consequential" results may arise from protected activities such as collecting signatures on a petition. In addition, "mere sauntering or loitering on a public way is lawful and the right of any man, woman, or child." Under [the Seattle ordinance], it is not unlawful to exercise that right even though it may cause another person or driver to "take evasive action."
Id. (footnote omitted).
¶ 9 As noted, Spokane's ordinance exempts "[a]cts authorized as an exercise of ones [sic] *654 constitutional rights." Former SMC 10.10.025(B)(4). Therefore, according to Webster, Ms. Marr reasons, if begging is a constitutionally protected right, it would not be unlawful to incidentally obstruct pedestrian traffic in order to exercise that right. She is correct. The innocent acts referred to in Webster include the intentional exercise of rights exempted from the ordinance. Here, that includes the right to beg because that right is constitutionally protected. E.g., Roulette v. City of Seattle, 850 F.Supp. 1442, 1451 (W.D.Wash.1994), aff'd, 97 F.3d 300 (9th Cir.1996); City of Seattle v. McConahy, 86 Wash.App. 557, 568, 937 P.2d 1133 (1997).
¶ 10 The legislative body acknowledged a right to beg that does not rise to the level of "aggressive solicitation," or it would have proscribed begging altogether. By expressly proscribing one type of solicitation, the ordinance implicitly allows other types not otherwise proscribed. See State v. Delgado, 148 Wash.2d 723, 729, 63 P.3d 792 (2003) ("`Under expressio unius est exclusio alterius, a canon of statutory construction, to express one thing in a statute implies the exclusion of the other'" (quoting In re Det. of Williams, 147 Wash.2d 476, 491, 55 P.3d 597 (2002))).
¶ 11 From the language of the ordinance, one can legally beg as long as he or she does not do so aggressively. Here, the court specifically found that Ms. Marr did not aggressively panhandle. Therefore, Ms. Marr cannot be found to have violated the ordinance.
¶ 12 In light of our holding we need not reach the other issues raised by Ms. Marr.

CONCLUSION
¶ 13 The pedestrian interference ordinance proscribes only "aggressive solicitation" and no other forms of begging. The judge found insufficient evidence at trial to determine there was "aggressive solicitation." The ordinance specifically exempts constitutionally protected activity from its purview. Begging is constitutionally protected. An obstruction to pedestrian traffic by Ms. Marr was incidental to the non-proscribed and constitutionally protected activity of non-aggressive begging. The City failed to prove a violation of the ordinance. Accordingly, we reverse.
WE CONCUR: KATO, C.J., and KURTZ, J.