[No. 26434-3-III. Division Three. July 3, 2008.]

ELSIE NAKATA ET AL., *Appellants*, v. BLUE BIRD, INC., *Respondent*.

[14] *Id.* at 627 (quoting *Amend v. Bell*, 89 Wn.2d 124, 129, 570 P.2d 138 (1977)).

270

*Stanley A. Bastian* (of *Jeffers, Danielson, Sonn & Aylward, PS*), for appellants.

*Thomas A. Lerner* and *Aviva T. Kamm* (of *Stokes, Lawrence, PS*), for respondent.

¶1 SWEENEY, J. — This is a suit by a member of an agricultural cooperative to recover damages because the cooperative refused her demand to repay personal or business "equity accounts." The trial court summarily dismissed the suit after ordering the cooperative to produce records and respond to other discovery requests. We conclude that the court did not abuse its discretion by limiting discovery and refusing to allow the plaintiff to amend her complaint. And we conclude that the trial court properly dismissed the complaint because the plaintiff failed to make out a cause of action in either law or equity.

## FACTS

¶2 Elsie Nakata is the president of Nakata Orchards, Inc. The company owns and operates apple, pear, and cherry orchards in Douglas County. Blue Bird, Inc., is a cooperative association. It is organized and operates under chapter 23.86 RCW (cooperative associations act).

¶3 Skookum, Inc., was also a cooperative association. It packed, stored, marketed, and sold Nakata's fruit. Ms. Nakata set up a personal equity account with Skookum in 1977 and a business equity account in 1980. Skookum held a portion of the grower's earnings in these accounts to provide working capital for the cooperative. The cooperative would then distribute the accounts to the grower at the discretion of the directors.

¶4 Skookum merged into Blue Bird in 1995. Blue Bird returned a portion of Ms. Nakata's equity account pursuant to the plan of merger and its articles of incorporation and bylaws.

¶5 Ms. Nakata requested business records from Blue Bird. And Blue Bird ultimately complied with some of Ms. Nakata's requests. Ms. Nakata sued Blue Bird for damages and attorney fees. She claimed violations of the cooperative associations act and the Consumer Protection Act (CPA) (ch. 19.86 RCW) and prayed for other equitable relief.

¶6 Blue Bird moved for summary judgment. Ms. Nakata then moved to amend her complaint to add other equitable causes of action and to compel discovery. The trial court granted Ms. Nakata's motion to compel, with some restrictions. It limited the scope of discovery to evidence that is available under RCW 23B.16.010-.020 (essentially financial information that a corporation must maintain). And it limited Blue Bird's obligation to produce records to those that implicated the "business judgment rule." The court also gave Ms. Nakata 90 days to complete discovery but later extended the deadline by an additional 80 days.

¶7 The court denied Ms. Nakata's motion to amend to add causes of action for unconscionable contract, breach of fiduciary duties, breach of an implied covenant of good faith, and for declaratory judgment. But the court did so with the proviso that it would entertain the motion further if Ms. Nakata produced facts that supported any of the proposed causes of action. The court denied Ms. Nakata's motion for attorney fees. It concluded that "Blue Bird had a reasonable basis for doubt as to Plaintiffs' right of access to inspect the records demanded." Clerk's Papers (CP) at 17.

¶8 The court granted Blue Bird's motion for summary judgment but conditioned any final order of dismissal on completion of Ms. Nakata's discovery. The court later dismissed the case.

## DISCUSSION

SUMMARY JUDGMENT

■ ¶9 Ms. Nakata complains that Blue Bird failed to pay her equity accounts for over 25 years and that this is not fair and should not be allowed. But she concedes, as she must, that Blue Bird has no legal obligation to pay, either under any agreement with her, or under any bylaw of the cooperative or under any statute. So she argues, instead, that the court should order reimbursement based on some theory in equity. She argues that she was entitled to have a trier of fact resolve a number of factual questions, specifically whether Blue Bird (1) properly balanced the interests of current growers against those of former growers and equity owners, (2) has a written equity retention and/or redemption policy, (3) has or should have a policy regarding retaining new equity and retiring old equity, (4) set its "charges" too low, and (5) has accumulated excessive reserves. And while these may well be issues of fact, there is no showing here that they are material issues of fact. *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963) (material fact is one upon which the litigation depends).

■ ¶10 We review an order granting summary judgment de novo. *Seybold v. Neu*, 105 Wn. App. 666, 675, 19 P.3d 1068 (2001). There is no showing on this record that Blue Bird did or failed to do any of the things that Ms. Nakata claims. And even if Blue Bird did, or failed to do, all or any of these, there is no showing that it was obligated legally or in equity to do, or not do, any of the things she claims. Blue Bird was run by a board of directors as required by statute. RCW 23B.08.010. And the cooperative members have the authority to vote those directors out if they believe that the cooperative is not being run properly. *See* RCW 23B.08.030, RCW 23B.07.280. There is no showing here that Ms. Nakata was treated differently than any other member of the Blue Bird cooperative or, for that matter, that the cooperative did anything other than act in

the best interests of its members. *Riss v. Angel*, 131 Wn.2d 612, 632, 934 P.2d 669 (1997) (no cause of action against directors absent a showing of fraud, dishonesty, or incompetence). The simple assertion that an equity account has not been paid after a lengthy period of time is not enough to support a cause of action in law or equity. *See id.*; *see also In re Spokane Concrete Prods., Inc. v. U.S. Bank*, 126 Wn.2d 269, 279, 892 P.2d 98 (1995). Simply put, Ms. Nakata presents no evidence that Blue Bird was required to repay her equity accounts within a specific time frame, that it must create a redemption plan, or that it must annually address whether or not it should issue payments to redeem equity accounts.

¶11 The court may dissolve a cooperative association if a minority shareholder establishes that the directors or those in control of the association acted, are acting, or will act in an oppressive manner. RCW 23B.14.300(2)(b). "Oppression" is " 'burdensome, harsh and wrongful conduct; a lack of probity and fair dealing in the affairs of a company to the prejudice of some of its members; or a visible departure from the standards of fair dealing, and a violation of fair play on which every shareholder who entrusts his money to a company is entitled to rely.' " *Scott v. Trans-Sys., Inc.*, 148 Wn.2d 701, 711, 64 P.3d 1 (2003) (quoting *Robblee v. Robblee*, 68 Wn. App. 69, 76, 841 P.2d 1289 (1992)).

¶12 There is no showing of wrongful conduct here. And the appropriate recourse, whether Ms. Nakata is a member or not, is to marshal support for a change in cooperative policy or the cooperative directors.

¶13 Ms. Nakata also argues that she was the victim of Blue Bird's unfair or deceptive practices. Again, she makes no showing of Blue Bird's violation of a statute or agreement. *Anderson v. Valley Quality Homes, Inc.*, 84 Wn. App. 511, 515-16, 928 P.2d 1143 (1997) (some violations of certain statutes are per se violations of CPA). And she makes no showing of any violation of any public interest recognized by the legislature. *Hangman Ridge Training*

*Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-87, 719 P.2d 531 (1986) (violation of public interest may subject defendant to liability under the CPA).

¶14 Indeed, we conclude it would be bad judicial policy to start telling an agricultural cooperative how it should do business. Here, the Nakatas let Skookum defer distribution of the Nakatas' earnings. Skookum used the earnings to pay its operating costs. Blue Bird, as the surviving association, is now responsible for the accounts and is repaying them, albeit not in the time frame Ms. Nakata thinks it should. But violation of Washington's version of the CPA requires some showing of unfair inducement. *Fid. Mortgage Corp. v. Seattle Times Co.*, 131 Wn. App. 462, 469, 128 P.3d 621 (2005). Here, there is no showing that Blue Bird's conduct was misleading or, even if it was, that it induced the Nakatas to open the equity accounts Ms. Nakata wants repaid.

RIGHT TO INSPECT RECORDS, COMPEL DISCOVERY, AND ATTORNEY FEES

¶15 Cooperative association members have the right to inspect and copy business records, including accounting records, excerpts from minutes of any meeting of the board of directors, and the record of shareholders. RCW 23.86.360; RCW 23B.16.020. Ms. Nakata claims that Blue Bird refused to provide records. Her remedy is an order that allows her to inspect and copy records that an association improperly withholds. RCW 23B.16.040(1).

¶16 Ms. Nakata requested a number of documents and asked a number of questions. Blue Bird did not produce the documents or answer the questions. Ms. Nakata sued and then moved to compel. And the court ordered production of pertinent records and required responses to Ms. Nakata's pertinent questions.

¶17 Ms. Nakata contends that the court should have awarded attorney fees because Blue Bird first refused to provide the requested discovery. She argues that RCW 23B.16.040(3) requires that the court order Blue Bird to pay

the costs she incurred to obtain the order compelling Blue Bird to let her inspect its business records. Blue Bird responds that the fee award in RCW 23B.16.040(3) does not apply when a cooperative proves that it refused inspection in good faith because it had a reasonable basis for doubting the shareholder's right to inspect the cooperative's records. Blue Bird claims that it denied Ms. Nakata's requests to inspect its records because she was not a member of the cooperative and held a position that was contrary to Blue Bird's purposes—to provide for the survival of the cooperative and serve and protect all members equally.

¶18 "We review a trial court's denial of attorney fees for an abuse of discretion." *Emmerson v. Weilep*, 126 Wn. App. 930, 940, 110 P.3d 214 (2005). "A trial court abuses its discretion when it bases its denial on untenable grounds or reasons." *Id.* A party can recover attorney fees when a statute authorizes them. *Dayton v. Farmers Ins. Group*, 124 Wn.2d 277, 280, 876 P.2d 896 (1994).

¶19 A shareholder of a cooperative is entitled to inspect copies of corporate records if the shareholder fulfills certain notice and purpose requirements. RCW 23B.16.020(1)-(3). And the shareholder is entitled to costs, including reasonable attorney fees, if she has to obtain a court order to get the records. RCW 23B.16.040(3). But a shareholder is not entitled to fees if "the corporation proves that it refused inspection in good faith because it had a reasonable basis for doubt about the right of the shareholder to inspect the records demanded." *Id.* Here, the court found the reasons advanced by Blue Bird reasonable: "the Court finds that Blue Bird had a reasonable basis for doubt as to [Ms. Nakata's] right of access to inspect the records demanded." CP at 17. That is a tenable ground for the trial judge to refuse to award fees.

DISCOVERY LIMITATIONS

¶20 Ms. Nakata next argues that the court abused its discretion when it limited both the scope of her discovery requests and the time within which she had to complete her

discovery. The court limited the scope of her discovery to those records that postdated Blue Bird's merger with Skookum. And the court required that the discovery be completed within 90 days, although this was later extended by 80 days.

¶21 We review a trial court's decision to limit discovery for an abuse of discretion. *Lang v. Dental Quality Assurance Comm'n*, 138 Wn. App. 235, 254, 156 P.3d 919 (2007), *review denied*, 162 Wn.2d 1021 (2008); *Howard v. Royal Specialty Underwriting, Inc.*, 121 Wn. App. 372, 380, 89 P.3d 265 (2004). Again, a court abuses its discretion when it exercises that discretion in a way that is "manifestly unreasonable, or . . . on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A trial court has broad discretion under CR 26 to manage the discovery process and, if necessary, to limit the scope of discovery. CR 26(b), (c); *Rhinehart v. Seattle Times Co.*, 98 Wn.2d 226, 232, 654 P.2d 673 (1982), *aff'd*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

¶22 First, the trial court granted Ms. Nakata's motion to compel discovery but limited the scope and time within which to complete that discovery. A nonmoving party must produce specific facts to show a genuine issue of material fact. CR 56(e); *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989). The thrust of Ms. Nakata's complaint here was that Blue Bird engaged in a pattern of conduct that unfairly denied her repayment of her equity accounts and information about its handling of these accounts. The court then appropriately limited her discovery requests to those records that postdated Blue Bird's merger with Skookum.

¶23 The court must balance the potential relevance of the documents against the burden imposed on the party being asked to respond to the requests. *Right-Price Recreation, LLC v. Connells Prairie Cmty. Council*, 105 Wn. App. 813, 826, 21 P.3d 1157 (2001), *remanded*, 146 Wn.2d 370, 46 P.3d 789 (2002). Here, the court did just that. Ultimately,

documents were produced and questions answered. And there is, moreover, no showing that Blue Bird abused its discretionary authority to run the cooperative. *Riss*, 131 Wn.2d at 632. Nor is there any showing that Blue Bird engaged in illegal, fraudulent, or inequitable activities. *Id.*

¶24 We conclude that the court did not abuse its discretion here, either in limiting the scope of discovery or the time frame within which the discovery had to be completed. *Rhinehart*, 98 Wn.2d at 232; *Carroll*, 79 Wn.2d at 26.

MOTION TO AMEND COMPLAINT

¶25 Ms. Nakata next argues that the court abused its discretion when it refused to allow her to amend her complaint to add a request for declaratory judgment and causes of action for unconscionable contract, breach of fiduciary duties, and breach of its implied covenant of good faith. The problem with the proposed new causes of action is that they are all dependent upon the facts already developed; facts that will not support these new causes of action, in any event. And the trial judge realized this. CP at 145.

¶26 We review a trial court's denial of a motion to amend pleadings for abuse of discretion. *Del Guzzi Constr. Co. v. Global Nw. Ltd.*, 105 Wn.2d 878, 888, 719 P.2d 120 (1986). And a trial court appropriately denies a motion to amend if an amended claim is duplicative or futile. *Syputa v. Druck, Inc.*, 90 Wn. App. 638, 649, 954 P.2d 279 (1998); *see Shelton v. Azar, Inc.*, 90 Wn. App. 923, 928, 954 P.2d 352 (1998) (holding that the trial court abused its discretion when it granted a motion to compel because pursuit of new claim would be futile).

¶27 Here, the trial court denied Ms. Nakata's motion to amend without prejudice because "[t]hus far, no direct evidence that [Blue Bird] abused its discretion or engaged in activities which were illegal, fraudulent, or inequitable has been presented." CP at 144. Those are tenable grounds for the trial court to deny Ms. Nakata's motion.

¶28 The additional causes of action, like those already asserted, required Ms. Nakata to produce evidence of Blue Bird's wrongful or unfair conduct—evidence that she had so far failed to produce. *E.g.*, *Schroeder v. Fageol Motors, Inc.*, 86 Wn.2d 256, 259-60, 544 P.2d 20 (1975) (A contract is substantively unconscionable "where a clause or term in the contract is alleged to be one-sided or overly harsh." And a contract is procedurally unconscionable only where "impropriety during the process of forming a contract" results in a party to the contract not having a meaningful choice as to whether to enter into the contract.); *Scott*, 148 Wn.2d at 711 ("oppressive conduct by majority shareholders is closely related to the fiduciary duty of good faith and fair dealing owed by them to the minority shareholders"). Moreover, Ms. Nakata would have to show that she lacked an adequate remedy at law to successfully assert a right to a declaratory judgment. *Watson v. Wash. Preferred Life Ins. Co.*, 81 Wn.2d 403, 407, 502 P.2d 1016 (1972). But the law provides, and Ms. Nakata pursued, legal remedies for the wrongs that she alleges here.

¶29 A lawsuit is futile where there is no evidence to support or prove existing or additional allegations and causes of action. *Ino Ino, Inc. v. City of Bellevue*, 132 Wn.2d 103, 142, 937 P.2d 154, 943 P.2d 1358 (1997) (substantive due process claim futile where plaintiff's existing free speech claims failed to show that challenged ordinances were wholly arbitrary and capricious or irrational). Futility is a reasonable ground for denying a motion to amend a complaint. *Id.*

¶30 We affirm the trial court's order granting summary judgment. We affirm the trial court's order denying Ms. Nakata's motion to amend her complaint and limiting discovery. We affirm the court's refusal to award attorney fees. And we deny Blue Bird's request for attorney fees on appeal.

BROWN and KORSMO, JJ., concur.

Review denied at 165 Wn.2d 1033 (2009).