226 P.3d 222 (2010)
HOUSING AUTHORITY OF the CITY OF EVERETT, a public body, corporate and politic, Respondent,
v.
Carroll KIRBY, and all other persons residing in the premises described herein, Appellant.
No. 62052-5-I.
Court of Appeals of Washington, Division 1.
March 8, 2010.
*224 Scott R. Peterson, Attorney at Law, Seattle, WA, Michael David Kinkley, Michael D. Kinkley PS, Spokane, WA, for Appellant.
Lorna Sue Corrigan, Attorney at Law, Everett, WA, for Respondent.
LEACH, J.
¶ 1 Carroll Kirby appeals the superior court's order dismissing without prejudice the residential unlawful detainer action brought by the Housing Authority of the City of Everett (EHA), arguing that the court should have dismissed the action with prejudice. Kirby also appeals the court's orders denying his requests for attorney fees. Because the superior court lacked authority to proceed under the unlawful detainer statute, we hold that it was precluded from making any ruling other than dismissal without prejudice. We further hold that of the provisions on which Kirby relies, only RCW 4.84.080 authorizes any fee award in this case. Accordingly, we reverse the portion of the court's ruling regarding RCW 4.84.080 and remand to the trial court to award Kirby statutory attorney fees of $200. We otherwise affirm the trial court.[1]

FACTS
¶ 2 Kirby rented an apartment from EHA for $530 per month. When he failed to pay rent in May 2008, EHA served him with a three-day notice to pay rent on May 7, 2008. Kirby did not respond, and EHA filed and later served him with a summons and a complaint for unlawful detainer in Snohomish County Superior Court on May 27, 2008. The summons, however, stated that Kirby could respond to the complaint only by personal delivery.
¶ 3 On June 9, 2008, Kirby filed an answer to the complaint and a motion to dismiss the action under CR 12(b)(1). In his answer, Kirby admitted his failure to pay rent but stated that he was "unable to admit or deny anything related to any notices" and denied he was in unlawful detainer. In his motion, Kirby requested dismissal for lack of subject matter jurisdiction because the summons failed to notify Kirby that he could respond alternatively by mail or facsimile as required by RCW 59.18.365.[2] He also asked that "discovery be allowed to continue so that Carroll Kirby can obtain evidence to support his claim that this is a frivolous suit under RCW 4.84.185." Kirby further informed the court that he would "be bringing a motion for reasonable attorneys' fees under the lease agreement between the parties, statutory attorneys' fees under RCW 59.18; and, RCW 4.84.250, as the prevailing party in an action for less than $10,000; and for any other relief available under the civil rules or Revised Code of Washington."
¶ 4 When counsel for EHA, Lorna Corrigan, received Kirby's motion, she immediately called Kirby's counsel, Scott Peterson. Corrigan suggested that Peterson stop incurring fees until she could discuss the jurisdictional issues with her client. Peterson said that he had already prepared interrogatories and planned to mail them. He faxed Corrigan a letter restating his intention.
¶ 5 On June 17, 2008, Corrigan wrote to Peterson, stating that she could enter into an agreed order to dismiss "provided that the dismissal is without prejudice, and that the order does not purport to retain jurisdiction *225 in the court for any purpose, including for the purposes of the conduct of discovery, or for motions, such as for attorney's fees." Corrigan also filed a reply to Kirby's motion to dismiss on June 23, 2008, stating that the EHA "does not oppose the Defendant's motion to dismiss pursuant to CR 12(b)(1) for lack of subject matter jurisdiction; provided that the dismissal is without prejudice."
¶ 6 On June 26, 2008, Kirby filed a response, requesting that the court enter an order of dismissal with prejudice. He reasoned that
[t]he entire [unlawful detainer] proceeding is solely concerning an attempt by the landlord to wrest possession of the residence from the possession of the tenant. If the unlawful detainer is dismissed, the landlord has failed to obtain possession (the sole issue in the lawsuit) so a dismissal necessarily terminates the action and precludes refilling [sic] based on that statutory notice.
¶ 7 At a hearing on June 27, 2008, a commissioner dismissed the case without prejudice to refile under a new cause number, based on the defective summons.
¶ 8 On July 7, 2008, Kirby filed a motion for attorney fees based on RCW 4.84.250 and.270, RCW 4.84.330 and judicial estoppel, RCW 4.84.080, and RCW 59.18.290(1) and (2). The motion was supported by the declarations of Peterson and Michael Kinkley. In these declarations, counsel for Kirby estimated that they had spent a combined total of 20.9 hours in preparing Kirby's defense and requested $4,981.50 in attorney fees and costs for their services, which included the personal delivery of documents.
¶ 9 The next day, the EHA filed a second unlawful detainer action against Kirby under a separate cause number. This action was based on Kirby's failure to pay rent for May and June 2008 after he was served with a notice on June 27, 2008.
¶ 10 At a hearing on July 16, 2008, a commissioner denied Kirby's request for attorney fees in the first unlawful detainer action because the action was "dismissed for lack of subject matter jurisdiction on June 27, 2008 ... there is no ongoing jurisdiction to raise a new issue post dismissal."
¶ 11 On July 25, 2008, Kirby filed a notice of appeal from the order of dismissal without prejudice and from the order denying his request for fees.
¶ 12 Three days later, Kirby filed a motion requesting attorney fees for a frivolous lawsuit under RCW 4.84.185 and CR 11. Following a hearing on August 11, 2008, the commissioner also denied this request, stating, "RCW 4.84.185 and CR 11 do not confer... post dismissal subject matter jurisdiction upon the Court in a case dismissed for lack of subject matter jurisdiction." The court further ruled, "Should through revision or appeal it be determined that RCW 4.84.185 or CR 11 confers subject matter jurisdiction..., this Court concludes the original action was not frivolous as both non-payment of rent and possession of the premises was admitted in Defendant's answer." In addition, the court concluded that "[t]here is [an] insufficient factual basis to support an award of fees against Plaintiff pursuant to RCW 4.84.185 and CR 11."
¶ 13 On August 22, 2008, Kirby filed a supplemental notice of appeal from the second order denying his request for fees and sanctions.

STANDARD OF REVIEW
¶ 14 The question of the scope of relief granted by the superior court in this casespecifically, the order of dismissal without prejudiceis a question of law. Questions of law are reviewed de novo.[3]
¶ 15 We review a trial court's denial of a motion for attorney fees for abuse of discretion.[4] We use the same standard to review its refusal to award sanctions under *226 either CR 11 or RCW 4.84.185.[5] "`A trial court abuses its discretion when it bases its denial on untenable grounds or reasons.'"[6] "But where the meaning of an attorney fee statute is at issue, we review the decision to award or not award attorney fees de novo as a question of law."[7]

ANALYSIS

A. Dismissal Without Prejudice
¶ 16 Kirby contends that, while the superior court lacked jurisdiction over the unlawful detainer action, the court should have entered a dismissal with prejudice. EHA responds that dismissal without prejudice was proper because the court had no authority to make any other rulings.
¶ 17 An unbroken line of cases establishes that "[i]n an unlawful detainer action, the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues."[8] Any noncompliance with the statutory method of process prevents the superior court from acquiring subject matter jurisdiction over the unlawful detainer proceeding.[9] Lack of such jurisdiction "renders the superior court powerless to pass on the merits of the case."[10] In this circumstance, dismissal without prejudice is the limit of what a court may do.
¶ 18 By way of analogy, in State v. Northwest Magnesite Co.,[11] our Supreme Court held that dismissal without prejudice is the limit of what a court may do when it lacks personal jurisdiction over a party. There, the State of Washington filed an action against Northwest Magnesite Company, a Washington corporation, and two foreign corporations to recover royalties from the sale of minerals mined from public land leased to the company.[12] Our Supreme Court concluded that the trial court lacked personal jurisdiction over the two foreign corporations and therefore "had no power to pass upon the merits of the state's case as against those parties" and could only dismiss the case without prejudice.[13]
¶ 19 In an attempt to distinguish Magnesite, Kirby points out that in this case EHA cannot refile the action under the same cause number. This distinction is not a difference that renders Magnesite inapposite. Like the trial court in Magnesite, the superior court here lacked power to decide the merits of the case. Thus, it was precluded from making any rulings regarding the merits of the litigation other than dismissal without prejudice.
¶ 20 Kirby claims that Escude v. King County Public Hospital District No. 2,[14] supports his position. That case involved a plaintiff's voluntary dismissal under CR 41, where the court, acting as a court of general jurisdiction, had both personal and subject matter jurisdiction, but the statute of limitations had run.[15] Therefore, the court had authority to decide the issues presented to it. Here, in contrast, EHA did not move to voluntarily dismiss the action, and the superior court, sitting as a special statutory tribunal, lacked authority to proceed under the unlawful detainer statute. Escude is distinguishable.
*227 ¶ 21 We conclude that the superior court properly dismissed the action without prejudice because it had no power to decide the merits of the case.

B. Attorney Fees
¶ 22 Kirby argues the court erred in denying his requests for attorney fees under various provisions. As shown below, none of the provisions, with the exception of RCW 4.84.080, authorizes a fee award in this case.

1. RCW 59.18.290
¶ 23 Kirby argues that the court erred in denying his request for attorney fees under RCW 59.18.290(1) and (2). These subsections allow a discretionary award of attorney fees to the prevailing party in an unlawful detainer action:
(1) It shall be unlawful for the landlord to remove or exclude from the premises the tenant thereof except under a court order so authorizing. Any tenant so removed or excluded in violation of this section may recover possession of the property or terminate the rental agreement and, in either case, may recover the actual damages sustained. The prevailing party may recover the costs of suit or arbitration and reasonable attorney's fees.
(2) It shall be unlawful for the tenant to hold over in the premises or exclude the landlord therefrom after the termination of the rental agreement except under a valid court order so authorizing. Any landlord so deprived of possession of premises in violation of this section may recover possession of the property and damages sustained by him, and the prevailing party may recover his costs of suit or arbitration and reasonable attorney's fees.[[16]]
Washington case law establishes that awards under these subsections are permitted only when tenants meet certain statutory requirements.
¶ 24 In Laffranchi v. Lim,[17] this court held that, to recover fees under RCW 59.18.290(1), tenants must prove removal or exclusion from the premises without a valid court order. In that case, the purchaser of the disputed property, Laffranchi, brought an unlawful detainer action against the former owners but failed to join the tenant, DeVore, as a party.[18] On appeal, DeVore argued that the trial court never acquired jurisdiction since he was never joined as a party and requested attorney fees under RCW 59.18.290(1).[19] This court agreed that the trial court lacked jurisdiction.[20] But it declined to award attorney fees under RCW 59.18.290(1), stating that "[t]o be awarded fees and costs under this statute, DeVore must prove that Laffranchi removed or excluded him from the disputed property without a court order authorizing him to do so."[21]
¶ 25 Similarly, in Housing Authority v. Terry,[22] our Supreme Court held that, to recover fees under RCW 59.18.290(2), tenants must prove either that the lease was not terminated or that they held over under a valid court order. There, the court decided whether the tenant, Terry, should be awarded fees when he successfully challenged on appeal the sufficiency of the statutory notice used by the landlord to terminate his tenancy.[23] Our Supreme Court denied Terry's request for fees under RCW 59.18.290(2), stating that "[i]n order to be awarded fees and costs as the prevailing party, a tenant must prove either that the lease was not terminated, or that the tenant held over under a valid court order."[24] Applying this analysis, the court concluded that even though EHA had failed to prove unlawful *228 detainer, the parties had never litigated whether the lease was "terminated" and that Terry did not have a court order authorizing him to hold over in the premises.[25]
¶ 26 In this case, the court lacked authority to proceed under the unlawful detainer statute and decide the merits of the case. It never decided whether EHA's notice terminated Kirby's lease. Therefore, Kirby, like the tenants in Laffranchi and Terry, has not satisfied the requirements of RCW 59.18.290(1) or (2) and is not entitled to fees under either subsection.[26]
¶ 27 Kirby claims that Soper v. Clibborn[27] entitles him to fees as the prevailing party under RCW 59.18.290(2). But in Soper the court reached the merits and decided that the landlord's untimely notice was ineffective to terminate the parties' lease.[28] Thus, the tenant in Soper, unlike Kirby, prevailed on the merits and satisfied the requirements of RCW 59.18.290(2). Furthermore, we question the continued vitality of Soper after our Supreme Court's decision in Terry.
¶ 28 The other cases cited by Kirby are also distinguishable. Council House, Inc. v. Hawk[29] involved a request for fees under RCW 59.18.290, where the plaintiff voluntarily dismissed the action under CR 41 after counsel for the tenant had spent about 200 hours preparing a defense. And Hawk v. Branjes[30] concerned a request for fees under a bilateral contract provision in a commercial lease. In neither case did the court dismiss an unlawful detainer proceeding because a party used inadequate statutory process to invoke the court's statutory authority.
¶ 29 For the reasons stated above, we affirm the superior court's denial of attorney fees under RCW 59.18.290(1) and (2).

2. RCW 4.84.250 and .270
¶ 30 Kirby argues that RCW 4.84.250 and .270 mandated an award of fees to him. In relevant part, RCW 4.84.250 provides,
[I]n any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs, is seven thousand five hundred dollars or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees. After July 1, 1985, the maximum amount of the pleading under this section shall be ten thousand dollars.
The related statute, RCW 4.84.270, provides,
The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280.
Acknowledging that these provisions apply only to an action for damages, Kirby contends that they apply here to a claim for past due rent asserted in an unlawful detainer action because a landlord may choose "whether to make a damages claim in the unlawful detainer or bring a separate action for damages." Kirby further contends that he was the prevailing party because "a dismissal by a landlord who fails to regain possession of the residential property leased to a tenant is `a court's last action that settles the rights of the parties and disposes of all issues in controversy.'"[31]
*229 ¶ 31 This argument is unpersuasive. First, Kirby mischaracterizes the superior court's dismissal of the unlawful detainer action without prejudice as a final judgment that settles the rights of the parties. As noted above, the court could not resolve the right to possession since it lacked power to address the merits.[32] Contrary to Kirby's assertion, the court made no determination of his right to possession of the disputed premises.
¶ 32 Second, when two statutes, one general and the other specific, apply to the same general subject matter, the specific applies to the exclusion of the general, particularly when application of both may create a conflict.[33] As counsel for EHA pointed out in oral argument, applying RCW 4.84.250 and.270 to residential unlawful detainer actions would, in certain situations, create a conflict between them and the specific statute for fees in residential unlawful detainer actions, RCW 59.18.290. For example, consider the case where a landlord brought an unlawful detainer action against a tenant who had paid no rent, but after suit was commenced, made an offer of settlement to pay less rent than the amount claimed due by the landlord. If the landlord rejected the offer and ultimately recovered less than the amount offered, the tenant would be deemed the prevailing party under RCW 4.84.270 since, according to that provision, the defendant prevails if the plaintiff recovers less than the amount offered in settlement, or recovers nothing. Thus, the tenant, even though guilty of unlawful detainer for nonpayment of rent, would be entitled to a mandatory fee award under RCW 4.84.250 and .270. This would conflict with the application of RCW 59.18.290, which would authorize a discretionary fee award only to the landlord, who prevailed by recovering possession and unpaid rent as damages. RCW 4.84.250 and .270 would be superseded.
¶ 33 For these reasons, we affirm the superior court's denial of attorney fees under RCW 4.84.250 and .270.

3. RCW 4.84.330
¶ 34 Kirby also contends that an award was mandated by RCW 4.84.330. This provision states, in relevant part, that
[i]n any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
. . . .
As used in this section "prevailing party" means the party in whose favor final judgment is rendered.
This provision applies only to contracts with unilateral attorney fee provisions.[34] "By its plain language, the purpose of RCW 4.84.330 is to make unilateral contract provisions bilateral."[35] The lease at issue here does not contain any attorney fee provision, stating only that "[a]fter the initial term ends, terminations will be in accordance with the Washington State Residential Landlord-Tenant Act as contained in RCW 59.118[sic] and related statutes." Therefore, RCW 4.84.330 does not apply.
¶ 35 Kirby responds that EHA is judicially estopped "from denying that the lease allows for attorneys' fees and costs" because EHA requested fees and costs under the lease in its complaint. But judicial estoppel, an equitable doctrine that precludes a party from gaining advantage by asserting one position in a court proceeding and later seeking a second advantage by taking a clearly inconsistent position, applies "`only if *230 a litigant's prior inconsistent position benefited the litigant or was accepted by the court.'"[36] Since neither occurred here, Kirby's judicial estoppel argument fails.[37]

4. RCW 4.84.080
¶ 36 Kirby assigns error to the court's denial of statutory attorney fees. RCW 4.84.030 allows the superior court to award costs to the prevailing party and, under RCW 4.84.080, those costs include a nominal statutory attorney fee award of $200.[38]
¶ 37 In this case, even though the superior court lacked authority to proceed under the unlawful detainer statute, it had authority to grant statutory attorney fees under RCW 4.84.080.[39] Because the court denied statutory attorney fees on jurisdictional grounds, it abused its discretion.[40] We therefore reverse that portion of the court's ruling and award Kirby statutory attorney fees of $200.

5. RCW 4.84.185
¶ 38 Kirby claims that the court erred in denying fees under RCW 4.84.185. In relevant part, it provides:
In any civil action, the court ... may, upon written findings ... that the action ... was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action.
This provision was "designed to discourage abuses of the legal system by providing for an award of expenses and legal fees to any party forced to defend against meritless claims advanced for harassment, delay, nuisance, or spite."[41] An action is frivolous under RCW 4.84.185 if, when considering the action in its entirety, it "`cannot be supported by any rational argument on the law or facts.'"[42] But the fact that the complaint ultimately does not prevail is not dispositive.[43]
¶ 39 Here, the superior court ruled in the alternative that Kirby was not entitled to fees under RCW 4.84.185 because EHA's action was "not frivolous as both non-payment of rent and possession of the premises was admitted in Defendant's answer." The court also concluded that there was an insufficient factual basis to support an award.
¶ 40 We agree. Kirby bases his request solely on the fact that EHA initiated its action using a defective summons. This procedural error does not establish that EHA's unlawful detainer action was frivolous. The superior court properly exercised its discretion in denying fees under RCW 4.84.185.

6. CR 11 Sanctions
¶ 41 Repeating his contention that EHA's unlawful detainer action was frivolous, Kirby argues the court erred in denying CR 11 sanctions in the form of fees.[44] Such *231 sanctions, however, are appropriate only when the following three criteria are met:
(1) The action was not well grounded in fact, (2) it was not warranted by existing law, and (3) the attorney signing the pleading has failed to conduct a reasonable inquiry into the factual or legal basis of the action.[[45]]
Here, the superior court refused to award CR 11 sanctions for the same reasons it denied fees under RCW 4.84.185: the court concluded that the unlawful detainer was not frivolous because it was grounded on facts conceded by Kirby and because there was an insufficient factual basis to support an award. Further, the court pointed out that it would "not apply CR 11 sanctions to a procedural error which was immediately acknowledged and remedied upon the issue being raised." The court acted within its discretion in refusing to award sanctions.

7. RAP 18.1
¶ 42 Kirby requests fees on appeal under RAP 18.1 "for reasons set forth above in list sections 2-9, hereby incorporated by reference." RAP 18.1(a) permits this court to award fees and costs under any applicable law that grants the right to recover fees and expenses on review.[46] As shown above, none of the provisions, with the exception of RCW 4.84.080, authorizes a fee award in this case, so we deny Kirby's request for fees on appeal. But we note that EHA, as the substantially prevailing party on appeal, is entitled to statutory costs on appeal, upon compliance with RAP 14.1(f).

CONCLUSION
¶ 43 The superior court appropriately ordered dismissal without prejudice because it lacked authority to proceed under the unlawful detainer statute. In addition, with the exception of statutory attorney fees under RCW 4.84.080, the superior court properly denied Kirby's requests for fees and sanctions. We remand to the trial court to award Kirby statutory attorneys fees in the amount of $200.00 and otherwise affirm the trial court.
WE CONCUR: LAU and GROSSE, JJ.
NOTES
[1] The superior court denied Kirby's fee request primarily on jurisdictional grounds. We affirm, but not on jurisdictional grounds. See Wachovia SBA Lending v. Kraft, 138 Wash.App. 854, 862, 158 P.3d 1271(2007).
[2] See Truly v. Heuft, 138 Wash.App. 913, 922-23, 158 P.3d 1276 (2007) (holding that use of a summons "that leads the tenant to believe only personal delivery of a response is statutorily acceptable" violates RCW 59.18.365 and deprives the court of jurisdiction).
[3] Kitsap County Deputy Sheriff's Guild v. Kitsap County, 167 Wash.2d 428, 434, 219 P.3d 675 (2009).
[4] Nakata v. Blue Bird, Inc., 146 Wash.App. 267, 276, 191 P.3d 900 (2008) (quoting Emmerson v. Weilep, 126 Wash.App. 930, 940, 110 P.3d 214 (2005)).
[5] Skimming v. Boxer, 119 Wash.App. 748, 754, 82 P.3d 707 (2004).
[6] Nakata, 146 Wash.App. at 276, 191 P.3d 900 (quoting Emmerson, 126 Wash.App. at 940, 110 P.3d 214).
[7] Wachovia, 138 Wash.App. at 859, 158 P.3d 1271 (citing Keystone Masonry, Inc. v. Garco Constr., Inc., 135 Wash.App. 927, 936-37, 147 P.3d 610 (2006)).
[8] Granat v. Keasler, 99 Wash.2d 564, 571, 663 P.2d 830 (1983).
[9] Christensen v. Ellsworth, 162 Wash.2d 365, 372, 173 P.3d 228 (2007).
[10] Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County, 135 Wash.2d 542, 556, 958 P.2d 962 (1998).
[11] 28 Wash.2d 1, 42, 182 P.2d 643 (1947).
[12] Magnesite, 28 Wash.2d at 5, 182 P.2d 643.
[13] Magnesite, 28 Wash.2d at 42, 182 P.2d 643.
[14] 117 Wash.App. 183, 69 P.3d 895 (2003).
[15] Escude, 117 Wash.App. at 191, 69 P.3d 895.
[16] See also Council House, Inc. v. Hawk, 136 Wash.App. 153, 159, 147 P.3d 1305 (2006).
[17] 146 Wash.App. 376, 190 P.3d 97 (2008).
[18] Laffranchi, 146 Wash.App. at 378-79, 190 P.3d 97.
[19] Laffranchi, 146 Wash.App. at 383, 386, 190 P.3d 97.
[20] Laffranchi, 146 Wash.App. at 384, 190 P.3d 97.
[21] Laffranchi, 146 Wash.App. at 387, 190 P.3d 97.
[22] 114 Wash.2d 558, 789 P.2d 745 (1990).
[23] Terry, 114 Wash.2d at 562-65, 789 P.2d 745.
[24] Terry, 114 Wash.2d at 570-71, 789 P.2d 745.
[25] Terry, 114 Wash.2d at 571, 789 P.2d 745.
[26] We further note that Kirby cited RCW 59.18.290(1) in his request for fees below. But in his appellate brief, he only provides argument and supporting legal authority regarding his request under RCW 59.28.209(2).
[27] 31 Wash.App. 767, 644 P.2d 738 (1982).
[28] Soper, 31 Wash.App. at 767-69, 644 P.2d 738.
[29] 136 Wash.App. 153, 156-57, 147 P.3d 1305 (2006).
[30] 97 Wash.App. 776, 779-82, 986 P.2d 841 (1999).
[31] Kirby quotes the definition of "final judgment" from Black's Law Dictionary: "A court's last action that settles the rights of the parties and disposes of all issues in controversy." BLACK'S LAW DICTIONARY 919 (9th ed.2009).
[32] We note that the right of possession was resolved in EHA's second unlawful detainer action against Kirby. In his declaration, Kirby stated that he had vacated the apartment by August 5, 2008.
[33] City of Airway Heights v. Schroeder, 53 Wash.2d 625, 629, 335 P.2d 578 (1959).
[34] Kaintz v. PLG, Inc., 147 Wash.App. 782, 786, 197 P.3d 710 (2008); Hawk, 97 Wash.App. at 780, 986 P.2d 841.
[35] Wachovia SBA Lending, Inc. v. Kraft, 165 Wash.2d 481, 489, 200 P.3d 683 (2009).
[36] City of Spokane v. Marr, 129 Wash.App. 890, 893, 120 P.3d 652 (2005) (quoting Johnson v. Si-Cor, Inc., 107 Wash.App. 902, 906, 28 P.3d 832 (2001)).
[37] We also note that Kirby stated in his answer, "The Defendant admits that there is a lease, but the lease should speak for itself and the Plaintiff should be required to submit a copy of the lease to this Court."
[38] Ferencak v. Dep't of Labor & Indus., 142 Wash.App. 713, 729-30, 175 P.3d 1109 (2008).
[39] Kalich v. Clark, 152 Wash.App. 544, 550, 215 P.3d 1049 (2009) ("[A] court has jurisdiction to award costs, including attorney fees, even where it determines that it lacks personal jurisdiction over a party or subject matter jurisdiction over the claim, as long as a statute authorizes the award." (citing Thurston County v. Scammel, 7 Wash. 94, 95, 34 P. 470 (1893); Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wash.2d 109, 114, 786 P.2d 265 (1990))).
[40] Lopez-Stayer v. Pitts, 122 Wash.App. 45, 51, 93 P.3d 904 (2004) ("[A] discretionary ruling based on error of law is an abuse of discretion." (citing Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 339, 858 P.2d 1054(1993))).
[41] Skimming, 119 Wash.App. at 756, 82 P.3d 707.
[42] Skimming, 119 Wash.App. at 756, 82 P.3d 707 (quoting Tiger Oil Corp. v. Dep't of Licensing, 88 Wash.App. 925, 938, 946 P.2d 1235 (1997)).
[43] Bryant v. Joseph Tree, Inc., 119 Wash.2d 210, 220, 829 P.2d 1099 (1992).
[44] CR 11 provides, in part:

[T]he court, upon motion or upon its own initiative, may impose ... an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.
[45] Manteufel v. Safeco Ins. Co. of America, 117 Wash.App. 168, 176, 68 P.3d 1093 (2003); Doe v. Spokane & Inland Empire Blood Bank, 55 Wash. App. 106, 110, 780 P.2d 853 (1989).
[46] RAP 18.1(a) provides, "If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule, unless a statute specifies that the request is to be directed to the trial court."