[No. 65003-3-I.   Division One.   September 6, 2011.]

HOUSING AUTHORITY OF THE CITY OF SEATTLE, *Appellant*, v.
KHADIJA BIN, *Respondent*.

*L.J. Brosell* (of *Seattle Housing Authority*), for appellant.
*Eric Dunn* (of *Northwest Justice Project*), for respondent.

¶1 BECKER, J. — An unlawful detainer action is within the subject matter jurisdiction granted to the superior court by the state constitution. When a superior court dismisses an unlawful detainer action, the reason must always be something other than lack of subject matter jurisdiction. Dismissal of an unlawful detainer action does not deprive the court of the power to make an award of attorney fees. Here, the lease authorized an award of fees to the prevailing party. Because the tenant prevailed by getting the case dismissed, the trial court properly awarded fees to the tenant.

## FACTS

¶2 The Seattle Housing Authority is a governmental entity that operates low-income housing facilities in Seattle. Khadija Bin, a Somali immigrant, rented an apartment from the housing authority. During 2005 and 2006, Bin obtained a reduction in her rent on the basis that her husband was absent. In 2007, she reported to the housing

authority that he had returned. The housing authority later decided that Bin had delayed reporting her husband's return in order to prolong the period of reduced rent. She was assessed the sum of $5,867 to make up for the alleged underpayments. In July 2009, the housing authority issued to Bin a 10-day notice to pay $5,867 or vacate the unit. The notice also advised Bin that her lease would in any event not be renewed when it expired on August 31, 2009, because she had persistently failed to provide required information.

¶3 Public housing tenants are entitled to a grievance hearing when notified of termination of tenancy. Bin requested a hearing and obtained legal representation. Bin denied that she had deceived the housing authority.

¶4 The grievance hearing was originally scheduled for August 10, 2009. Because of Bin's pregnancy, it was rescheduled to September 2. Bin's attorney requested a second continuance to allow time to review discovery. The housing authority continued the hearing to September 8. Bin objected to this date because her attorney would not be available that day. The housing authority refused to change the date.

¶5 Bin appeared at the hearing without counsel. She asked the hearing officer for the housing authority, Lawrence Weldon, to continue the case so that her attorney could be present. Weldon called a recess. Without inviting Bin, he went to discuss the matter with the hearings coordinator, Linda Todd. Todd told Weldon that the case should not be continued. Weldon returned and informed Bin he did not have authority to reschedule. The hearing proceeded. Weldon issued a written decision in favor of the housing authority.

¶6 The housing authority then sued Bin for unlawful detainer in King County Superior Court. Bin moved for summary judgment to dismiss the action. She argued that Weldon committed error in ruling he had no authority to continue the case and that his conversation with Todd was an improper ex parte contact. Bin, who speaks limited

English, also argued that the housing authority violated its own policies and the law by failing to provide her with translations of important documents related to the eviction.

¶7 A housing authority must comply with federal regulations and its own grievance procedures before terminating a tenancy. *Hous. Auth. v. Saylors*, 19 Wn. App. 871, 578 P.2d 76 (1978). Following *Saylors*, the trial court agreed with Bin on the first two issues and did not reach the remaining issue of document translation.

> The person who heard and decided Ms. Bin's grievance was Lawrence Weldon, not Linda Todd.

> . . . However, when Ms. Bin asked for the continuance, Weldon denied the request on the grounds that he lacked the authority to grant it. This ruling was contrary to law and an abuse of discretion because the hearing officer is expressly provided the authority to schedule grievance hearings. . . .

> 5. Also, the decision to deny the continuance was influenced by information presented to the hearing officer outside the hearing and to which Ms. Bin was not given the opportunity to respond . . . .

> 6. The failure of the hearing officer to hear and decide her request for a continuance was contrary to law.

> 7. Therefore, [Seattle Housing Authority (SHA)] is barred from bringing its unlawful detainer action against Ms. Bin at this time. . . .

> . . . .

> 1. For all of the foregoing reasons, this action is hereby dismissed.

> 2. The question of whether SHA was required to translate documents into Somali is not reached and not decided.

Order on Mot. for Summ. J. (Jan. 19, 2010).

¶8 Bin's lease contained a prevailing party attorney fees provision: "The prevailing party in any action under this Lease shall be entitled to reasonable costs and attorneys' fees or attorney's fees as provided by law." The court found Bin was the prevailing party and awarded $7,375.00 in attorney fees and $1,199.77 in costs. This appeal followed.

## AUTHORITY TO AWARD ATTORNEY FEES

¶9 The housing authority contends a court may not make an award of attorney fees in an unlawful detainer action where the action is dismissed because of "procedural irregularities in the administrative proceeding." Br. of Appellant at 8. This argument rests primarily upon *Housing Authority v. Kirby*, 154 Wn. App. 842, 226 P.3d 222, *review denied*, 169 Wn.2d 1022 (2010), and cases cited therein.

¶10 In *Kirby*, the procedural irregularity was the housing authority's improperly worded summons. It failed to notify Kirby that he could respond by mail or by facsimile, wording required by RCW 59.18.365. Kirby moved to dismiss for "lack of subject matter jurisdiction." The housing authority agreed to a dismissal, but Kirby continued to incur fees. On the basis of the mistake in the summons, the court dismissed the action without prejudice to refile under a new cause number. When Kirby requested an award of attorney fees, the court denied it on the basis that once the action was dismissed for lack of subject matter jurisdiction, nothing else could be done. Kirby appealed, raising two issues: (1) the dismissal should have been with prejudice and (2) the court erred in refusing his request for attorney fees. *Kirby*, 154 Wn. App. at 846-49.

¶11 This court affirmed the decision to dismiss without prejudice, reasoning that the defect in the summons prevented the superior court "from acquiring subject matter jurisdiction" and therefore the court was powerless to do anything but dismiss the action. *Kirby*, 154 Wn. App. at 850. This first holding in *Kirby* will be discussed at greater length below.

¶12 The second issue raised by Kirby was the denial of his request for attorney fees. Kirby proposed various statutes under which he argued he was entitled to fees as a prevailing party. This court determined that Kirby was entitled only to statutory attorney fees of $200 under RCW

4.84.080, as the requirements of the other attorney fee statutes were not met. *Kirby*, 154 Wn. App. at 858.

¶13 Significantly, *Kirby* did not hold that the trial court was precluded from making *any* award of attorney fees. Implicit in *Kirby* is the recognition that a tenant may receive an award of attorney fees as the prevailing party where there is a statute or other authority for such an award, even if the court lacks subject matter jurisdiction in the underlying action. *Kirby*, 154 Wn. App. at 858 (citing *Kalich v. Clark*, 152 Wn. App. 544, 550, 215 P.3d 1049 (2009)). Here, the award of attorney fees was authorized by the lease. *Kirby* does not compel reversal of the award of fees.

¶14 The housing authority's reply brief shows that its arguments ultimately rest not on *Kirby* alone, but on a misunderstanding of subject matter jurisdiction that *Kirby* and some other cases have perpetuated. The *Kirby* court's premise was that the superior court does not "acquire" subject matter jurisdiction to hear an unlawful detainer action unless the action has been initiated in compliance with statutory requirements. The court evidently felt constrained by case law:

> An unbroken line of cases establishes that "[i]n an unlawful detainer action, the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and *not* as a court of general jurisdiction with the power to hear and determine other issues." [*Granat v. Keasler*, 99 Wn.2d 564, 571, 663 P.2d 830, *cert. denied*, 464 U.S. 1018 (1983).] Any noncompliance with the statutory method of process prevents the superior court from acquiring subject matter jurisdiction over the unlawful detainer proceeding. [*Christensen v. Ellsworth*, 162 Wn.2d 365, 372, 173 P.3d 228 (2007).]

*Kirby*, 154 Wn. App. at 850 (footnotes omitted).

¶15 Division Two, on the other hand, recognizes that the state constitution vests the superior court with subject matter jurisdiction in unlawful detainer actions, and its jurisdiction remains constant regardless of procedural mis-

steps by the parties. *Tacoma Rescue Mission v. Stewart*, 155 Wn. App. 250, 254 n.9, 228 P.3d 1289 (2010). In *Tacoma Rescue Mission*, the tenant was served with a termination notice that failed to provide details required by the lease. The trial court denied a motion to dismiss. The Court of Appeals reversed and remanded for dismissal of the action—not because the trial court lacked subject matter jurisdiction, but because the notice was insufficient to permit the action to be maintained. The court explained why it was inaccurate to characterize the issue as a lack of subject matter jurisdiction:

> Some cases speak of the trial court lacking jurisdiction to hear unlawful detainer actions, chapter 59.12 RCW, without adequate notice to the tenant. *See, e.g., Christensen v. Ellsworth*, 162 Wn.2d 365, 372, 173 P.3d 228 (2007); *Hous. Auth. v. Terry*, 114 Wn.2d 558, 566, 789 P.2d 745 (1990); *IBF, LLC v. Heuft*, 141 Wn. App. 624, 632, 174 P.3d 95 (2007); *Hous. Auth. v. Silva*, 94 Wn. App. 731, 734, 972 P.2d 952 (1999). But under chapter 59.12 RCW, "[t]he superior court of the county in which the property or some part of it is situated shall have jurisdiction of proceedings under this chapter." RCW 59.12.050. Furthermore, superior courts have broad general jurisdiction over real estate disputes. *See* WASH. CONST. art. IV, § 6; *Young v. Clark*, 149 Wn.2d 130, 133-34, 65 P.3d 1192 (2003). Thus, a superior court has jurisdiction to determine whether an unlawful detainer action may go forward. *See* RCW 59.12.050. The proper terminology is that a party who files an action after improper notice may not maintain such action or avail itself of the superior court's jurisdiction. *See Nickum v. City of Bainbridge Island*, 153 Wn. App. 366, 379 n.9, 223 P.3d 1172 (2009). Here, we characterize the parties' arguments regarding jurisdiction accordingly.

*Tacoma Rescue Mission*, 155 Wn. App. at 254 n.9 (alteration in original).

¶16 Notwithstanding *Kirby*, we endorse and adopt the approach taken in *Tacoma Rescue Mission*. *Kirby* cited our Supreme Court's decision in *Christensen* for the proposition that noncompliance with statutory procedures pre-

vents the superior court from "acquiring" subject matter jurisdiction over the unlawful detainer proceeding. *Kirby*, 154 Wn. App. at 850. What the Supreme Court actually said in *Christensen* is that noncompliance with the statutory method of process precludes the superior court from "exercising" subject matter jurisdiction over the unlawful-detainer proceeding. *Christensen*, 162 Wn.2d at 372.

¶17 *Kirby* also quoted the Supreme Court's statement that in an unlawful detainer action, "the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and *not* as a court of general jurisdiction with the power to hear and determine other issues." *Granat*, 99 Wn.2d at 571. In *Granat*, the court explained that counterclaims could not be heard in an unlawful detainer action because of the legislature's intent "to create a summary procedure and limit the issue to the landlord's right of possession." *Granat*, 99 Wn.2d at 570-71. The court used the word "jurisdiction" to refer to *statutory* limitations on a court's authority to let an unlawful detainer action go forward. The court did not purport to hold that the unlawful detainer statutes define procedures through which the court acquires subject matter jurisdiction.

¶18 The state constitution grants the superior court original jurisdiction in "all cases at law which involve the title or possession of real property" and "actions of forcible entry and detainer" as well as in "all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." WASH. CONST. art. IV, § 6; *see Young*, 149 Wn.2d at 133. In light of the broad constitutional grant of subject matter jurisdiction to the superior court, we may find a lack of subject matter jurisdiction only under compelling circumstances, such as when it is explicitly limited by the legislature or Congress. *Harting v. Barton*, 101 Wn. App. 954, 960, 6 P.3d 91 (2000), *review denied*, 142 Wn.2d 1019 (2001). The instances in which a superior court is powerless to act because jurisdiction has by law been vested exclusively in some other

tribunal typically involve federal matters such as naturalization or patents. *See, e.g., In re Marriage of Vigil*, 162 Wn. App. 242, 255 P.3d 850 (2011) (where marital property was under the exclusive jurisdiction of the bankruptcy court, superior court lacked jurisdiction to divide it but could proceed to dissolve the legal status of the marriage); *see generally* 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3527 (3d ed. 2008).

¶19 Because the superior court's subject matter jurisdiction in an unlawful detainer action is granted by the constitution, it is incorrect to say that the court "acquires" subject matter jurisdiction by means of the plaintiff's compliance with statutory procedures.

¶20 Such imprecise use of the term "subject matter jurisdiction" should be avoided because to misclassify an issue as "jurisdictional" transforms it into one that may be raised belatedly and opens the way to making judgments vulnerable to delayed attack. RESTATEMENT (SECOND) OF JUDGMENTS § 12 cmt. b (1982), *quoted in Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 541, 886 P.2d 189 (1994). "To think of subject matter jurisdiction as something that depends on what the parties to an action do or fail to do is to undermine the fixed nature of a tribunal's power. . . . Treating subject matter jurisdiction as though it were a fleeting and fragile attribute of a court diminishes the authority of the court, creates a trap for the unwary, and prevents worthy cases from being heard on the merits even when the procedural violation has not prejudiced the opposing party." *Sprint Spectrum, LP v. Dep't of Revenue*, 156 Wn. App. 949, 965, 235 P.3d 849 (2010) (Becker, J., concurring), *review denied*, 170 Wn.2d 1023 (2011).

¶21 For example, assume a landlord successfully prosecutes an unlawful detainer action to judgment. The tenant notices years later that the summons, like the one in *Kirby*, did not contain the statutorily required notice that response by mail or facsimile was an alternative to response by personal delivery. To say that the court lost its subject

matter jurisdiction because of the litigant's mistake in preparing the summons would mean that the judgment is void and the tenant can have it vacated despite the lapse of years. The subject matter jurisdiction of the superior court is not that precarious. All defects or errors that occur in the handling of an unlawful detainer case by the litigants or by the court go to something other than subject matter jurisdiction. *Cf. Williams v. Leone & Keeble, Inc.*, 171 Wn.2d 726, 730, 254 P.3d 818 (2011) (quoting *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 316, 76 P.3d 1183 (2003)).

¶22 In the present case, the defect that necessitated dismissal of the unlawful detainer action against Bin was the housing authority's failure to comply with federal regulations and its own grievance procedures. Under *Saylors*, compliance with the regulations is a matter of due process owed to the tenant. Until a housing authority complies with the necessary procedures, it may not maintain an unlawful detainer action and the tenant "is entitled to continue her tenancy." *Saylors*, 19 Wn. App. at 875. For this reason, and not because of a lack of subject matter jurisdiction, the trial court properly granted Bin's motion to dismiss and moved on to decide her request for prevailing party attorney fees.

¶23 An award of attorney fees is proper when authorized by the parties' agreement, by statute, or by a recognized ground in equity. *TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc.*, 140 Wn. App. 191, 214, 165 P.3d 1271 (2007). Here, the trial court based its award of attorney fees on the parties' agreement in the lease for an award of attorney fees to the prevailing party in "any action." Bin obtained an order dismissing the unlawful detainer action. By any measure, Bin prevailed in this action.

¶24 Bin's motion to dismiss included an argument that the housing authority failed in its obligation to furnish her with documents such as the eviction notice translated into Somali. She cited the housing authority's policy stating that

"[v]ital documents shall be translated into selected languages." Over objection by the housing authority, the court included the time Bin's attorneys spent on this issue, even though the court did not reach it. The housing authority contends the trial court abused its discretion by not excluding fees attributable to the translation issue.

¶25 A court's decision to award attorney fees requires the court to exclude from the requested hours "any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632, 966 P.2d 305 (1998). *Mahler* does not hold that attorney fees may be awarded only for issues that ultimately become the grounds for the court's decision. Where a party achieves " 'substantial relief' " on the basis of a set of claims involving " 'a common core of facts and related legal theories,' " it is not necessary to reduce the party's attorney fees simply because the court did not adopt each contention raised. *Steele v. Lundgren*, 96 Wn. App. 773, 783, 982 P.2d 619 (1999) (quoting *Martinez v. City of Tacoma*, 81 Wn. App. 228, 242-43, 914 P.2d 86 (1996)), *review denied*, 139 Wn.2d 1026 (2000); *Hensley v. Eckerhart*, 461 U.S. 424, 440, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The translation issue was part of Bin's theory that the housing authority deprived her of a meaningful grievance hearing by failing to follow its own rules and other applicable regulations. It is not necessary to decide on appeal whether the translation issue would have been a winning issue on its own. We find no abuse of discretion.

¶26 Because Bin is the prevailing party on appeal, she is entitled under her lease to an award of attorney fees for this appeal, subject to compliance with RAP 18.1.

¶27 Affirmed.

APPELWICK and SCHINDLER, JJ., concur.