*The Court of Appeals*
of the
*State of Washington*
*Seattle*

DIVISION I
One Union Square
600 University Street
98101-4170
(206) 464-7750
TDD: (206) 587-5505

RICHARD D. JOHNSON,
*Court Administrator/Clerk*

October 6, 2014

Soc & Hlth Svcs A.G. Office
Attorney at Law
800 Fifth Ave, Suite 2000
MS-TB-14
Seattle, WA, 98104
SHSSeaEF@atg.wa.gov

Diane Lamon Dorsey
Office of the Attorney General
800 5th Ave Ste 2000
Seattle, WA, 98104-3188
dianed@atg.wa.gov

Ronald Jay Meltzer
Sinsheimer & Meltzer, Inc., P.S.
701 5th Ave Ste 4780
Seattle, WA, 98104-7035
rjm@sinsheimer-meltzer.com

CASE #: 70749-3-I
Janet Saarela, Appellant v. State of Washington Department of Social and Health Services, Respondent

King County, Cause No. 12-2-30927-2.SEA

Counsel:

Enclosed is a copy of the opinion filed in the above-referenced appeal which states in part:

> "Because the Department fulfilled its statutory obligations and did not
> waive the request's untimeliness, we affirm."

Counsel may file a motion for reconsideration within 20 days of filing this opinion pursuant to RAP 12.4(b). If counsel does not wish to file a motion for reconsideration but does wish to seek review by the Supreme Court, RAP 13.4(a) provides that if no motion for reconsideration is made, a petition for review must be filed in this court within 30 days. The Supreme Court has determined that a filing fee of $200 is required.

In accordance with RAP 14.4(a), a claim for costs by the prevailing party must be supported by a cost bill filed and served within ten days after the filing of this opinion, or claim for costs will be deemed waived.

Should counsel desire the opinion to be published by the Reporter of Decisions, a motion to publish should be served and filed within 20 days of the date of filing the opinion, as provided by RAP 12.3 (e).


Sincerely,

Richard D. Johnson
Court Administrator/Clerk

jh

Enclosure

c:    The Honorable Monica Benton



28[1]OCT -6 A.I 9: 57

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JANET SAARELA, )
       )     No. 70749-3-I
       )
        Appellant, )
       )     DIVISION ONE
       )
    v. )
       )
STATE OF WASHINGTON, )     UNPUBLISHED OPINION
DEPARTMENT OF SOCIAL AND )
HEALTH SERVICES, )
       )
        Respondent. )     FILED: October 6, 2014
       )

LEACH, J. — Janet Saarela appeals a superior court decision affirming the Department of Social and Health Services' (DSHS or Department) Board of Appeals (Board) dismissal of Saarela's untimely request for administrative review. Because the Department fulfilled its statutory obligations and did not waive the request's untimeliness, we affirm.

## FACTS

On October 21, 2011, DSHS notified Janet Saarela that its Adult Protective Services division had found that she mentally abused her mother, a vulnerable adult, in two separate incidents. DSHS sent a separate letter for each incident and assigned each a separate case number. One letter assigned case number 121829 to an alleged June 6, 2011, incident. The other letter assigned

case number 150771 to an alleged August 24, 2011, incident. Both letters contained instructions on how to request an administrative hearing:

> At this time, you have a right to request an administrative hearing to challenge APS' initial finding. Your hearing rights are described in RCW 34.05, WAC 388-02, and WAC 388-71. To request an administrative hearing you must send, deliver or fax a written request to the Office of Administrative Hearings (OAH). OAH must receive your written request within 30 calendar days of the date this letter of notice was mailed to you, or within 30 calendar days of the date this letter of notice was personally served upon you, whichever occurs first according to WAC 388-71-01240. If you request a hearing by fax, you must also mail a copy of the request to OAH on the same day. To request an administrative hearing you may complete the enclosed form and mail it to [OAH's Seattle address].
>
> . . . .
>
> If you do not timely request a hearing, APS' initial finding will become final and your name will be placed on a registry.

On November 2, 2011, Saarela's attorney faxed a review hearing request that referenced one case number, 121829. OAH assigned a docket number to this appeal. On November 29, 2011, Saarela's attorney sent a second hearing request to OAH. He used a copy of the original "Request for Adult Protective Services Hearing" form faxed to OAH on November 2, added the word "amended" to the title, and typed "AND 150771" underneath "case ID 121829." An accompanying letter explained, "The Request for Hearing for Case ID No. 150771 was inadvertently left out of [the previous] fax, as Ms. Saarela received letters for two different case numbers on the same day." Saarela asked OAH to accept "this Amended Request for Adult Services Hearing, for both case

numbers 121829 and 150771." OAH assigned a separate docket number to case number 150771.

On December 15, 2011, Saarela's attorney received notice from OAH scheduling a prehearing conference for case number 121829 on February 2, 2012. In response to counsel's inquiry about why the notice referred to only one case number, OAH staff confirmed that "the Office had received both requests and the issue would be addressed at the Hearing."

On January 12, 2012, the Department moved to dismiss Saarela's appeal of case number 150771 as untimely. On April 6, 2012, the administrative law judge (ALJ) granted the motion, finding that Saarela's hearing request was untimely and therefore "she does not have a right to a hearing under WAC 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."[1] Saarela appealed the ALJ's order to the Board. It affirmed the ALJ's decision. The review judge denied Saarela's motion for reconsideration. Saarela

---

[1] CAB at 54. WAC 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 provides in pertinent part:
**Do you have a right to a hearing?** (1) You have a right to a hearing only if a law or DSHS rule gives you that right. If you are not sure, you should request a hearing to protect your right.

. . . .

(3) You have a limited time to request a hearing. The deadline for your request varies by the DSHS program involved. You should submit your request right away to protect your right to a hearing, even if you are also trying to resolve your dispute informally.

. . . .

(6) If the ALJ decides you do not have a right to a hearing, your request is dismissed.

petitioned for judicial review. The King County Superior Court denied the petition. Saarela appeals.

## STANDARD OF REVIEW

We sit in the same position as the trial court when we review its final order reviewing an administrative decision under the Washington Administrative Procedure Act (WAPA), chapter 34.05 RCW.[2] We apply the review standards of WAPA directly to the agency record.[3] This court reviews issues of statutory construction de novo under the error of law standard.[4]

Saarela has the burden to prove that the review judge erred.[5] This court

> will reverse an administrative decision that (1) violates a
> constitutional provision on its face or as applied, (2) lies outside the
> agency's lawful authority or jurisdiction, (3) is a result of an
> erroneous interpretation or application of the law, (4) is not based
> on substantial evidence, or (5) is arbitrary or capricious.[6]

## ANALYSIS

Under the legislature's delegated authority, DSHS has adopted rules and implemented procedures to receive and investigate reports of abuse or neglect of vulnerable adults.[7] These rules, codified at WAC 388-71 and WAC 388-02,

---

[2] Ryan v. Dep't of Soc. & Health Servs., 171 Wn. App. 454, 465, 287 P.3d 629 (2012).

[3] Ryan, 171 Wn. App. at 465.

[4] Ryan, 171 Wn. App. at 465 (citing RCW 34.05.570(3)(d)).

[5] RCW 34.05.570(1)(a).

[6] Heidgerken v. Dep't of Natural Res., 99 Wn. App. 380, 384, 993 P.2d 934 (2000) (citing RCW 34.05.570(3)).

[7] RCW 74.34.005, .035, .063, .067, .068.

provide an alleged abuser of a vulnerable adult a right to seek review and amendment of the Department's finding.[8] The person seeking review must "send, deliver, or fax a written request to the office of administrative hearings," which the office must receive within 30 calendar days of the date the Department mailed its notice.[9] If a party "fails to attend or participate in a hearing or other stage of an adjudicative proceeding, other than failing to timely request an adjudicative proceeding," the hearing officer may enter an order of default "or other dispositive order," which the requesting party may challenge by filing a written motion to vacate that states the grounds for setting aside the order.[10] But failure to file a request within the time limit established by the agency rule "results in the loss of that party's right to an adjudicative proceeding, and the agency may proceed to resolve the case without further notice to, or hearing for the benefit of, that party," with the exception of notice of any default or other dispositive order.[11] If the ALJ decides a party does not have a right to a hearing, the ALJ dismisses the review request.[12]

First, Saarela contends the Department had an obligation to inform her that her November 2 request did not reference both case numbers. To support

---

[8] WAC 388-71-01235.
[9] WAC 388-71-01240(1).
[10] RCW 34.05.440(2), (3).
[11] RCW 34.05.440(1).
[12] WAC 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(6).

this contention, she cites RCW 34.05.419(2), "Within thirty days after receipt of the application, the agency shall examine the application, notify the applicant of any obvious errors or omissions, [and] request any additional information the agency wishes to obtain and is permitted by law to require." Saarela contends this provision means that "[i]f the Department's position is the Request for Hearing was untimely, it must act within 30 days to notify the Appellant." Thus, because the Department took no action until it filed its motion to dismiss on January 12, 2012, the Department may not now "assert[ ] any errors" in her application. We disagree.

Saarela's November 2 request to OAH contained no "obvious errors or omissions" or any indication that Saarela intended to appeal more than one decision. Saarela's failure to describe two decisions in the November 2 request was not an error or omission that the Department had a duty to bring to her attention. The same is true of her November 29 request. RCW 34.05.419(2)'s provision giving the Department 30 days to "request any additional information" necessary for the application also does not apply here. Although providing additional information may cure an "omission" in a request and serve to perfect an appeal, it cannot cure untimeliness. RCW 34.05.419(2) does not support Saarela's position or undermine the ALJ's conclusion that "neither the

Department nor OAH failed to meet any obligations with respect to perfecting [Saarela's] appeal."

Next, Saarela argues that OAH's setting the matter for adjudication waived all Department objections to any defects in her appeal. She contends that RCW 34.05.419[13] and 34.05.416[14] provide the Department with two exclusive options after it receives an administrative hearing request: (1) it may commence an adjudicative proceeding or (2) decline to do so, explaining its reasons and any opportunity for review. According to Saarela, "What the Department clearly cannot do is what it attempted to do in this proceeding: to both set the matter for adjudication, thereby implicitly acknowledging the application was timely, and

---

[13] RCW 34.05.419 provides in pertinent part:
After receipt of an application for an adjudicative proceeding, other than a declaratory order, an agency shall proceed as follows:

    (1) Except in situations governed by subsection (2) or (3) of this section, within ninety days after receipt of the application or of the response to a timely request made by the agency under subsection (2) of this section, the agency shall do one of the following:

    . . . .

    (b) Commence an adjudicative proceeding in accordance with this chapter; or

    (c) Dispose of the application in accordance with RCW 34.05.416.

[14] RCW 34.05.416 provides in full:
**Decision not to conduct an adjudication.** If an agency decides not to conduct an adjudicative proceeding in response to an application, the agency shall furnish the applicant a copy of its decision in writing, with a brief statement of the agency's reasons and of any administrative review available to the applicant.

that there was no default, and then to request that it be dismissed for its untimeliness."

Saarela's argument fails. Neither the Department nor OAH waived or excused the untimeliness of Saarela's second request by commencing an adjudicative proceeding. A waiver consists of a party's "'unequivocal acts or conduct'"[15] that show the party "intended 'to relinquish such right, advantage, or benefit; and [the party's] actions must be inconsistent with any other intention than to waive them.'"[16] OAH is a separate office, independent of other state agencies and charged with "impartial administration of administrative hearings in accordance with the legislative intent expressed by this chapter."[17] OAH's scheduling of an administrative proceeding in response to Saarela's request for a hearing cannot waive DSHS's rights because the scheduling is not an act of DSHS. Additionally, Saarela does not show any intention on the part of DSHS to waive any objection to the timeliness of Saarela's request for review. We conclude no waiver occurred.

The review judge stated that the ALJ "lacked jurisdiction to hear the case on its merits" and "correctly dismissed this matter due to lack of subject matter

---

[15] Dep't of Revenue v. Puget Sound Power & Light Co., 103 Wn.2d 501, · 505, 694 P.2d 7 (1985) (quoting Birkeland v. Corbett, 51 Wn.2d 554, 565, 320 P.2d 635 (1958)).

[16] Puget Sound Power & Light Co., 103 Wn.2d at 505 (quoting Bowman v. Webster, 44 Wn.2d 667, 669, 269 P.2d 960 (1954)).

[17] RCW 34.12.010.

jurisdiction." We disagree with this statement. The legislature has granted ALJs subject matter jurisdiction to conduct hearings and enter orders in administrative proceedings.[18] The WAPA provides the superior court with its appellate authority to review an agency decision.[19] The parties' procedural errors do not change this subject matter jurisdiction.[20] Rather, a party making an untimely request for hearing "'may not maintain such action or avail itself of the [tribunal's] jurisdiction.'"[21] Here, Saarela could not avail herself of the ALJ's jurisdiction to review case number 150771 because she waited too long to request a review hearing.

"All time requirements necessarily involve a judgment by the legislature or a court as to the amount of time necessary to achieve the legislative or judicial purpose."[22] DSHS, acting under delegated legislature authority, adopted a 30-day limitations period for requesting review of the Department's finding of abuse of a vulnerable adult. Here, OAH did not receive Saarela's request for a hearing on case number 150771 until November 29, 2011—38 days after the date the

---

[18] RCW 34.05.425(1), .461; RCW 34.12.060.

[19] RCW 34.05.514(1).

[20] Hous. Auth. v. Bin, 163 Wn. App. 367, 373-74, 260 P.3d 900 (2011) (citing Tacoma Rescue Mission v. Stewart, 155 Wn. App. 250, 254 n.9, 228 P.3d 1289 (2010)).

[21] Bin, 163 Wn. App. at 374 (quoting Tacoma Rescue Mission, 155 Wn. App. at 254 n.9).

[22] Medina v. Pub. Util. Dist. No. 1 of Benton County, 147 Wn.2d 303, 318, 53 P.3d 993 (2002).

Department mailed her the notice of its finding that she had mentally abused her mother. Despite the Department's clear notice of its findings and of Saarela's rights of appeal, Saarela failed to request a hearing on case number 150771 in a timely manner. The Board properly dismissed her request for review of this case.

## CONCLUSION

Because Saarela untimely requested an administrative hearing and the Department met its statutory obligations and did not waive the untimeliness of Saarela's application, we affirm.

_Leach, J._

WE CONCUR:

_Trickey, J_

_Becker, J._