IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JACOB SWIGER and AMANDA SWIGER, | ) ) ) | No. 38798-4-III |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| AMY KISTENMACHER MORALES, | ) ) | |
| Appellant. | ) | |

STAAB, J. — Amy Morales appeals a superior court order granting a writ of restitution and restoring possession of the home she rented from her landlords, Jacob and Amanda Swiger. She raises several issues on appeal, including violation of her right to an attorney, ineffective service of process, and defective process. The Swigers respond that they have sold the residence and argue that the appeal is moot.

We conclude that the appeal is not moot, and reverse the trial court's writ of restitution, finding that the summons and order to show cause failed to strictly comply with the statute. We award Morales her reasonable attorney fees on appeal.

BACKGROUND

Amy Morales rented a single-family home from Jacob and Amanda Swiger . On August 24, 2021, the Swigers gave Morales a 90-day notice to vacate the premises based on their intent to sell the home. Morales failed to move out and after the notice expired, the Swigers filed an unlawful detainer action in Stevens County, seeking a writ of restitution, termination of the tenancy, and their costs and attorney fees.

The first summons and complaint was served on Morales by Jacob Swiger, one of the plaintiffs, along with an order to show cause directing Morales to appear on January 13, 2022, and to show cause why a writ of restitution should not be ordered. The order to show cause warned Morales that if she failed to appear, a warrant could be issued for her arrest.

At the January 13 hearing, the trial court sua sponte determined that the summons had not been validly served on Morales because it was served by a party, Jacob Swiger. The court denied the motion without prejudice and instructed the Swigers to properly serve Morales.

The second attempt at service was by a non-party. While the declaration of service was dated and signed January 16, 2022, and indicated that the declarant served Amy Morales personally, it did not specifically state when the declarant served Morales. In addition, below the signature on the second page was a hand-written note, signed by the declarant on January 15, indicating:

2

> I [declarant] went to serve these papers at 9:10 a.m. on Sat the 15th of
> January. Little boy about seven or eight answered [the] door stating that his
> mom wasn't home and was at Montana. I asked who was home he said his
> dad but no adult came to door. There was [sic] three cars there including
> hers.

Clerk's Papers at 18.

The summons allegedly served on Morales on January 16 required her to respond

by January 7. The order to show cause set a hearing for February 9 and warned Morales

that if she failed to appear a warrant could be issued for her arrest.

Morales appeared by remote video at the show cause hearing on February 9.

Initially, the court expressed concern with the service, questioning whether the

paperwork had been served on a child. The Swigers' attorney stated that he was not sure

about the hand-written note but he had been told that the paperwork was served on an

adult. The court asked Morales what paperwork she had been provided and she

confirmed that she possessed paperwork with the February 9 court date and a document

that read "unlawful detainer summons."

When advised of her right to a state-provided attorney, Morales indicated that she

wanted an attorney. The court told the parties it would continue the hearing and provided

several possible court dates. As the court was discussing these dates, the Swigers'

attorney asked, "While I'm looking, your Honor, (inaudible) service, then, and we don't

need to re-serve her documents?" Rep. of Proc. (RP) at 13. As the court was responding

to the attorney's question, Morales spontaneously stated, "yes, yes, I—I'm accepting

service." RP at 13. In response to this comment, the court noted:

> Okay. So we do have an acknowledgment, there's been an acceptance of
> service. It does sound like she's acknowledged receipt of all of this. So I
> think the service is a non-issue at this point with that acknowledgment, but
> we'll—If that ends up being an issue with her attorney we can address that.

RP at 13.

At the continued hearing on February 23, 2022, Morales appeared with counsel

and filed an answer asserting the defenses of insufficiency of process and insufficiency of

service of process. Morales' attorney objected to her client being asked to accept service

at the prior hearing after she had requested an attorney. Morales' attorney also raised

objections to the defective summons, noting that the response date had already passed by

the time Morales was allegedly served. The court denied the defenses and issued a writ

of restitution restoring possession of the property to the Swigers.

Morales appealed.

ANALYSIS

1.      MOOTNESS

Preliminarily, we address the Swigers' argument that the appeal is moot because

they have sold the property. The Swigers point out that Morales did not seek damages in

her answer. Since they no longer own the property, they contend that this court cannot

4

grant Morales possession of the property, and we should dismiss her appeal as moot. We disagree.

An issue is moot if this court cannot provide effective relief. *Herrera v. Villaneda*, 3 Wn. App. 2d 483, 492, 416 P.3d 733 (2018). As Morales points out, should we remand and the trial court determines that good cause exists, the court can order an unlawful detainer action to be of limited dissemination. RCW 59.18.367. This prohibits tenant screening services from disclosing the unlawful detainer action or using it as a factor in determining whether to recommend a potential tenant for future rentals. Conversely, a finding of unlawful detainer on Morales' record will make it difficult for her to find rental housing in the future. Because the trial court can provide Morales limited relief upon remand, her appeal is not moot.

2.      DEFECTIVE SUMMONS

Morales contends that the trial court erred in entering the writ of restitution when the summons was clearly defective and failed to comply with the statute. We agree.

An unlawful detainer action is a summary proceeding that provides an expedited procedure for deciding possession of leased property. *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). "The action is a narrow one, limited to the question of possession and related issues such as restitution of the premises and rent." *Munden v. Hazelrigg*, 105 Wn.2d 39, 45, 711 P.2d 295 (1985). "Washington courts require strict compliance with the time and manner requirements for unlawful detainer

5

actions and strictly construe them in favor of the tenant." *Hall v. Feigenbaum*, 178 Wn.

App. 811, 818, 319 P.3d 61 (2014).

Under RCW 59.12.070, with a few exceptions not applicable here, a summons for

unlawful detainer "must be issued as in other cases, returnable at a day designated

therein, which shall not be less than seven nor more than thirty days from the date of

service." The specific language for a residential eviction summons is set forth in RCW

59.18.365. The summons received by Morales on or about January 16, did not strictly

comply with the statutory requirements because it indicated that her response must be

received by January 7, a date that had already passed.

The order to show cause was likewise defective. When seeking a writ of

restitution, a plaintiff may seek an order for the defendant to show cause, if any, why a

writ of restitution should not be issued restoring the plaintiff to possession of the

property. RCW 59.18.370.

> The order shall notify the defendant that if he or she fails to appear and
> show cause at the time and place specified by the order the court may order
> the sheriff to restore possession of the property to the plaintiff and may
> grant such other relief as may be prayed for in the complaint and provided
> by this chapter.

*Id*.

6

Here, the order to show cause served on Morales failed to contain this language and threatened her with arrest and the imposition of bail if she failed to appear. The Swigers fail to provide statutory authority for such a threat.

Morales argues that the defects in the summons divested the superior court of subject matter jurisdiction. This argument miscomprehends the nature of subject matter jurisdiction.

By statute and constitution, superior courts have subject matter jurisdiction over actions for unlawful detainer. RCW 59.12.050; WASH. CONST. art. IV, § 6. In *Christensen*, the Supreme Court held that "any noncompliance with the statutory method of process [for unlawful detainer] precludes the superior court from exercising subject matter jurisdiction over the unlawful detainer proceeding." *Christensen*, 162 Wn.2d at 372. Over the next several years, this comment was misconstrued to suggest that procedural mistakes by a party could strip the superior court of jurisdiction granted by the constitution.

More recently however, courts have taken pains to clarify a court's jurisdiction in an unlawful detainer action. *See Hous. Auth. v. Bin*, 163 Wn. App. 367, 374, 377, 260 P.3d 900 (2011) ("All defects or errors that occur in the handling of an unlawful detainer case by the litigants or by the court go to something other than subject matter jurisdiction."); *Tacoma Rescue Mission v. Stewart*, 155 Wn. App. 250, 254 n.9, 228 P.3d

1289 (2010) ("The proper terminology is that a party who files an action after improper notice may not maintain such action or avail itself of the superior court's jurisdiction.").

To find that the superior court lacked subject matter jurisdiction over the matter because of a procedural mistake by the plaintiff would render the court's orders and judgment void. *Bin*, 163 Wn. App. at 377. Under this scenario, a court without subject matter jurisdiction must dismiss the case and cannot enter any other orders including an order awarding attorney fees to the prevailing party. *See Hous. Auth. v. Kirby*, 154 Wn. App. 842, 226 P.3d 222 (2010). "Thus, it is incorrect to say that the court acquires subject matter jurisdiction from an action taken by a party or that it loses subject matter jurisdiction as the result of a party's failure to act." *MHM & F, LLC v. Pryor*, 168 Wn. App. 451, 460, 277 P.3d 62 (2012).

Here, the superior court had subject matter jurisdiction over the Swigers' unlawful detainer action. But since the statutes governing the expedited process for obtaining a writ of restitution must be strictly construed and applied, it is more accurate to say that a landlord who fails to comply with the statutory procedures for process may not maintain an unlawful detainer action. *See Bin*, 163 Wn. App. at 377.

The Swigers failed to comply with the requirements for a summons and order to show cause as provided by RCW 59.12.070, .18.365, and .18.370. The trial court erred in finding the lack of compliance harmless and granting the Swigers relief.

8

No. 38798-4-III
*Swiger, et al v. Morales*

Because we reverse the trial court's writ of restitution for insufficient process, we decline to address the alternative issues raised by Morales. Under RCW 59.18.650(4), Morales is entitled to reasonable attorney fees on appeal. We remand for the trial court to consider what relief, if any, can be granted.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, C.J.